**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Stephanie A. Gallagher**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_SAGChambers@mdd.uscourts.gov**
**(410) 962-7780**

November 20, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Elizabeth D. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-3830-SAG

Dear Counsel:

On November 22, 2025, Plaintiff Elizabeth D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 13) and the parties' briefs (ECF Nos. 16, 18 and 19). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on September 30, 2020, alleging a disability onset of August 13, 2016, later amended to July 1, 2019. Tr. 17, 186. Plaintiff's claims were denied initially and on reconsideration. Tr. 186. On April 6, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17. Following the hearing, on June 1, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 17, 207. On February 21, 2024, the Appeals Council vacated the hearing decision and remanded the case to an ALJ. Tr. 17. A second hearing was held on October 3, 2024, and on April 22, 2025, an ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 17, 41. The ALJ's April 22, 2025 decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her amended alleged onset date of July 1, 2019 through her date last insured of December 31, 2024." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "generalized anxiety disorder, bipolar disorder, attention deficit disorder/ attention deficit hyperactivity disorder, post traumatic stress disorder, lumbar degenerative disc disease, diabetes mellitus with peripheral neuropathy, TMJ, trigeminal neuralgia, migraines, mild to moderate degenerative joint disease, bilateral knees, mild persistent asthma, and obesity." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "obstructive sleep apnea, deviated septum, chronic rhinitis, high cholesterol, urinary incontinence and cervical and thoracic degenerative disc disease." Tr. 21. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for four hours in an eight hour workday over a forty hour workweek; can sit for six hours in an eight hour workday over a forty hour workweek; can occasionally climb stairs and ramps, but never ropes, ladders or scaffolds; can occasionally push and pull with bilateral upper extremities and bilateral lower extremities; can occasionally reach overhead with bilateral upper extremities; can occasionally balance, stoop, crouch, kneel and crawl; must avoid concentrated exposure to unprotected heights and moving and dangerous machinery; would have to avoid concentrated exposure to extremes in temperature and vibration and vibratory tools; would have to avoid concentrated exposure to pulmonary irritants; would be able to understand and carry out instructions for simple routine tasks and maintain concentration, persistence and pace in the performance of these tasks for two hour increments over an eight hour workday, during a forty hour workweek; would be able to relate to co-workers and supervisors on a superficial interactional basis, being defined as the exchange of work-related information or the handing off of products or materials; would be unable to work with the public; would be able to deal with only minor changes in the work place; and would be off task for 5% of a normal workday on a regular and sustained basis.

Tr. 25-26. At steps four and five, the ALJ determined that Plaintiff was unable to perform past relevant work as a dispatcher (motor vehicles) or office manager, but that Plaintiff could perform other jobs that existed in significant numbers in the national economy such as price marker, small

parts assembler, and electrical assembler. Tr. 38-40. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 40-41.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence of three treating sources: Monica Thomas, PAC, Shawn Lee, D.C., and Jeremiah Huang, D.O. ECF No. 16 at 19-27. Defendant counters that "the ALJ's multi-page decision carefully evaluated the record and sufficiently explained why the evidence supported his findings." ECF No. 18 at 7-14. Defendant argues that "substantial evidence supports the ALJ's consideration of Plaintiff's medical source opinions," specifically "the ALJ's findings that the opinions of Thomas, Huang and Lee were unpersuasive." ECF No. 18 at 11-14. Plaintiff replies that the ALJ's "determination is unsupported by substantial evidence as he consistently provided conclusory, broad statements without providing the required articulation of the important factors." ECF No. 19 at 2-3. Because Plaintiff's argument as to the opinion of Shawn Lee is dispositive, this opinion will address that argument.

When evaluating medical opinions in claims filed on or after March 27, 2017[1], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), (c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).

---

[1] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025); *see also Calhoun v. Comm'r of Soc. Sec.*, 190 F.4th 242, 251-52 (4th Cir. 2026).

The relevant regulations define these first two factors as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1), -(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability and consistency must be considered independently. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). This flows from their differing natures: "Supportability looks inward, asking how well a source's own 'objective medical evidence and supporting explanations' sustain its opinion. Consistency looks outward, asking how well that opinion accords with 'the evidence from other medical sources and nonmedical sources' in the record." *Calhoun*, 190 F.4th at 251 (citations omitted). Because of their independence, "[t]he two [inquiries] need not rise or fall together: A well-supported opinion may clash with the broader record, and a poorly supported one may fit it. But the inquiries can overlap. When an opinion's supporting explanation rests on the claimant's history, both inquiries will look to the record." *Id.*

**The ALJ Erred in Evaluating the Opinion of Shawn Lee, DC**

The ALJ's discussion of the opinion of Shawn Lee, DC, consists of the following analysis:

> As for opinion evidence, Shawn Lee, DC, the claimant's chiropractor, has completed questionnaires dated April 23, 2024, indicating the claimant can sit 2 hours out of an eight hour day, stand, walk less than 1 hour each out of an eight hour day; occasionally lift and carry less than 10 pounds; needs to lie down during a normal workday; elevate legs above waist level during the day; needs to change positions at will; needs to take unscheduled breaks; during an 8 hour day; symptoms would constantly interfere with attention and concentration for simple tasks; never balance, stoop, kneel, crouch; would miss work more than 4 times a month; and because of the combination of all her physical conditions, she is not able to work at this time (Exhibit 21F). This is not persuasive as it is not consistent with or supported by the contemporaneous treatment records or diagnostic testing, including records from this provider.

Tr. 36. The ALJ did not adequately articulate an evaluation of Lee's opinion under either the supportability or consistency factors of 20 C.F.R. § 404.1520c(c)(1) & (2). The only portion of the ALJ's discussion that goes to assessing either factor is the final sentence, and that sentence states bare conclusions as to Lee's opinion, but it does not offer any analysis. The ALJ does not identify portions of the over 2,500-page record that are inconsistent with the opinion and explain how they are inconsistent. Nor does the ALJ explain how the opinion lacked support. Lee's opinion, dated 4/23/2024, states that he has been treating Plaintiff since 2/16/2023, and so implicitly relies on his observations of her over that fourteen-month period. The record includes 30 pages of treatment notes by Lee covering 35 office visits. Tr. 2531-2560 (Exhibit 33F). The ALJ dismisses these in five words, "including records from this provider," without citing to that (or any other) exhibit and provides no specificity about which observations, tests, or findings fail to support the opinion.

Conclusory statements devoid of citation and analysis do not build a logical bridge between the evidence and the ALJ's conclusions and frustrate meaningful judicial review, requiring remand. "Without knowing the parts of the record the ALJ believed to be inconsistent with [the medical] opinion, it is impossible for the Court to determine whether the ALJ's finding is logically sound." *Judy L. v. Bisignano*, No. TJS-25-1771, 2026 WL 948960, at *3 (D. Md. Apr. 8, 2026) (finding the ALJ's "conclusory rationale" of the consistency factor "deficient" where the ALJ noted the medical opinion was "not fully consistent" with the record and claimant's self-reported activities, but said "nothing more" although the medical record exceeded 2,000 pages). "If the ALJ believes [the] opinion is inconsistent with the longitudinal evidence of record, the ALJ must explain how that is so…. The ALJ must specify which parts of the record are not consistent with [the] opinion so that the Court can review the ALJ's findings for substantial evidence." *Id.* at *4. The ALJ's conclusory statement does not contain sufficient analysis to meet the requirements of 20 C.F.R. § 404.1520c(c). *See Jane W. v. Bisignano*, No. SAG-25-1963, 2026 WL 2568429, at *4 (D. Md. Aug. 31, 2026) (ALJ did not adequately articulate an evaluation of the provider's opinion where ALJ "broadly concluded" the provider's assessed limitations were inconsistent with other treatment records but did not sufficiently identify which evidence contradicted the provider); *see*

*also Heather G. v. Bisignano*, No. DRM-24-3399, 2026 WL 381625, at *4 (D. Md. Feb. 11, 2026) (remanding where ALJ broadly cited to 130 pages of treatment notes and did not identify specific portions of the record that were "unsupportive of, or inconsistent with [the provider's] opinions, and this cursory analysis does not build a logical bridge between the evidence and the ALJ's conclusions and frustrates meaningful judicial review, requiring remand").

The ALJ's error is not harmless. "This is because the ALJ's missing analysis 'prevents, or at least substantially hinders, judicial review' of the ALJ's findings." *Lasharne W. v. Bisignano*, No. CJC-25-2860, 2026 WL 2508298, at *7 (D. Md. Aug. 26, 2026) (quoting *Drumgold*, 144 F.4th at 605 n.9.) "Additionally, had the ALJ properly considered the opinion, he 'may have come to a different determination of the weight [it] should have been given. This revised weight could have, in turn, altered [the] RFC.'" *Id.* (quoting *Charles H. v. Kijakazi*, No. BAH-22-3331, 2023 WL 5984150, at *4 (D. Md. Sept. 14, 2023)). For example, if the ALJ had been persuaded by Lee's opinions that Plaintiff would need to elevate both legs above waist level during a normal working day two to three times per day for 30 to 45 minutes "if the job is sitting," Tr. 1713, the ALJ might have reached different RFC findings, might have formulated hypotheticals to the Vocational Expert differently, and might have reached a different conclusion about whether Plaintiff could perform jobs that existed in significant numbers in the national economy.[2]

On remand, the ALJ should expressly and independently assess the supportability of Shawn Lee's opinion pursuant to 20 C.F.R. § 404.1520c(c)(1) and should articulate a consistency analysis under 20 C.F.R. § 404.1520c(c)(2). The Court takes no position on what level of persuasiveness, if any, should attach to Lee's opinion.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's arguments regarding the other providers' opinions. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

---

[2] It was not error for the ALJ to disregard Lee's conclusion that Plaintiff "is not able to work at this time," because that is an issue reserved to the Commissioner. "Statements on issues reserved to the Commissioner" that "direct [the ALJ's] determination or decision that [a claimant is]… disabled" such as "[s]tatements that [a claimant is] or [is] not disabled, ... able to work, or able to perform regular or continuing work," are "inherently neither valuable nor persuasive." *Dawn C. v. Bisignano*, No. SAG-25-03495, 2026 WL575295, at *3 (D. Md. 2026) (citing *Daniel W. v. Bisignano*, No. 1:24CV402, 2025 WL 2697267, at *10 (M.D.N.C. Sept. 22, 2025)).

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge